UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-cr-00204-004 (BAH) |
| v. | : | |
| | : | |
| JACK JESSE GRIFFITH, | : | |
| AKA "Juan Bibiano" | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in response to the Court's October 21, 2021 text order regarding the sentencing of Defendant Jack Jesse Griffith.

**I.  A Sentence Imposed for a Violation of 40 U.S.C. § 5104(e)(2)(G) May Include Both Incarceration and Probation**

Under 18 U.S.C. § 3561, a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Section 3561(a)(3) thus states the general rule that "imposition of both probation and straight imprisonment" in the same sentencing hearing is not permitted. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999); *see United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015); *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992).

The general prohibition against sentences that combine continuous incarceration and probation does not apply, however, where the defendant is sentenced for a petty offense. *See* 18 U.S.C. § 3561(a)(3); *United States v. Posley*, 351 F. App'x 801, 809 (4th Cir. 2009). In *Posley*, the defendant, convicted of a petty offense, was sentenced to two years of probation with the first

1

six months in prison. *Posley*, 351 F. App'x at 808. In affirming that sentence, the Fourth Circuit concluded that Section 3651(a)(3) "[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to "a term of six months of continuous imprisonment plus probation." *Id.* at 809.[1] Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense).

It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense.[2] Griffith pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty that does not exceed six months in prison and a $5,000 fine. *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (citations omitted) (noting that a petty offender may face a sentence of up to five years in probation). In this case, however, the government maintains its recommendation that the defendant be sentenced to a three-month custodial sentence and a $500 payment of restitution.

---

[1] The district court in *Posley* had concluded the six-month prison term was permissible as a discretionary condition of probation under 18 U.S.C. § 3563(b)(22), which permits the sentencing court to require the defendant to "satisfy such other conditions as the court may impose." *See Posley*, 351 F. App'x at 808. Because the Fourth Circuit concluded that the sentence was permitted under Section 3561(a)(3), it did not decide whether the district court's reliance on Section 3563(b)(22) was erroneous.

[2] A sentencing court in a non-petty offense case may combine incarceration and probation only where incarceration is made a condition of probation and imposed through "intermittent confinement." *Anderson*, 787 F. Supp. at 539; *see* 18 U.S.C. § 3563(b)(10) (permitting sentencing court to require the defendant as a condition of probation to "remain in custody of the Bureau of Prisons during nights, weekends, or other intervals of time").

## II.     Offense Conduct of January 6, 2021 Defendants

Table 1: Cases in which the government recommended a probation sentence without home detention[3]

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed | Summary of Offense Conduct[4] |
|---|---|---|---|---|---|
| Morgan-Lloyd, Anna | 1:21-CR-00164 | 40 U.S.C. § 5104(e)(2)(G) | 36 months probation, 40 hours community service, $500 restitution | 36 months probation, 120 community service hours, $500 restitution | The defendant entered the Capitol with a co-defendant for approximately 10 minutes. On January 6, she posted on social media: "I'm here. Best day ever. We stormed the capital building me and Dona Bissey were in the first 50 people in." On January 7, she posted: "Dona Bissey I'm so glad we were there. For the experience and memory but most of all we can spread the truth about what happened and open the eyes of some of our friends." |

---

[3] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation, including in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); and *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC). The government is abiding by its prior agreement to recommend probation in these cases. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

[4] Consistent with this Court's October 21, 2021 Minute Order, the material in this chart does not represent a complete recitation of factors supporting the government's sentencing recommendation in each of the cases listed in Tables 1-3. Instead, Tables 1-3 principally summarize the "offense conduct" of the cases listed above. Each government sentencing recommendation takes into account information not listed in this document, such as the information included in individual PSRs, the factors under 18 U.S.C. 3553(a), criminal histories, cooperation, statements of remorse, and the factors that the government outlined in Section IV.A. of the government's sentencing memorandum (ECF No. 92). The government's filed sentencing memoranda in these cases discuss these additional factors in more detail.

| Ehrke, Valerie | 1:21-CR-00097 | 40 U.S.C. § 5104(e)(2)(G) | 36 months probation, 40 hours community service, $500 restitution | 36 months probation, $500 restitution | En route to the Capitol, the defendant uploaded videos to social media and wrote that she was "on the way to the breached capitol building [sic]." The defendant entered the Capitol for approximately one minute before being pushed out of the building. |
|---|---|---|---|---|---|
| Bissey, Donna | 1:21-CR-00165 | 40 U.S.C. § 5104(e)(2)(G) | 36 months probation, 40 hours community service, $500 restitution | 14 days incarceration, 60 hours community service, $500 restitution | The defendant entered the Capitol with a co-defendant for approximately 10 minutes. The defendant posted a photo inside the Capitol on social media. On January 7, the defendant posted: "We are home. Thank You to ALL that messaged checking in and concerned. It was a day I'll remember forever. I'm proud that I was a part of it! No Shame. BTW turn off the #FakeNews." On January 8, the defendant posted two photos from the western front of the Capitol building on social media. The photos included images of protesters climbing the scaffolding and with a protestor holding a stolen and broken sign that read "Speaker of the House." |

Table 2: Cases in which the government recommended a probation sentence with home detention

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed | Summary of Offense Conduct |
|---|---|---|---|---|---|
| Bustle, Jessica | 1:21-CR-00238 | 40 U.S.C. § 5104(e)(2)(G) | 3 months home detention, 36 years probation, 40 hours community service, $500 restitution | 60 days of home detention, 24 months probation, $500 restitution | The defendant and her co-defendant entered the Capitol building for approximately 20 minutes. Before travelling to the Capitol, the defendant posted: "[w]e don't win this thing sitting on the sidelines. Excited to stand for truth with my fellow patriots and freedom fighters in DC today." During or after the riot, she posted a message that read, in part, "Pence is a traitor. We stormed the capital [sic]. An unarmed peaceful woman down the hall from us was shot in the neck by cops. It's insane here." In another message, she wrote "We need a Revolution! We can accept an honest and fair election but this is NOT fair and patriots don't want to see their country brought into communism and destroyed over a lie." |
| Bustle, Joshua | 1:21-CR-00238 | 40 U.S.C. § 5104(e)(2)(G) | 1 month home detention, 36 months probation, 40 hours community service, $500 restitution | 30 days home detention, 24 months probation, $500 restitution | The defendant and her co-defendant entered the Capitol building for approximately 20 minutes. |
| Doyle, Danielle | 1:21-CR-00324 | 40 U.S.C. § 5104(e)(2)(G) | 2 months home detention, 36 months probation, 60 hours community service, $500 probation | 2 months probation, $3,000 fine, $500 restitution | The defendant entered the Capitol by climbing through a broken window and subsequently stayed in the Capitol building for at least 24 minutes. Capitol CCTV footage from inside the building appears to show the defendant chanting near or yelling at a law enforcement officer. The defendant |

| Name | Case No. | Statute | Sentence | Gov't Recommendation | Offense Conduct |
|---|---|---|---|---|---|
| | | | | | photographed destruction that occurred on January 6, including individuals climbing the scaffolding on the West Front of the building, individuals entering the Capitol building through a broken window, and individuals in military-style clothing inside the Capitol. She texted an open-source video from January 6, taken inside the Capitol and in which she appears, to another individual more than a month after the riot. |
| Bennett, Andrew | 1:21-CR-00227 | 40 U.S.C. § 5104(e)(2)(G) | 3 months home detention, 36 months probation, 60 hours community service, $500 restitution | 3 months of home detention, 24 months probation, $500 restitution | On January 4, 2021, the defendant posted on social media: "You better be ready chaos is coming and I will be in DC on 1/6/2021 fighting for my freedom!" The defendant posted a 25-minute video captured individuals outside the Capitol tussling with officers and becoming increasingly violent as officers tried to hold their line. The defendant entered the Capitol for approximately 29 minutes. While inside, he posted on social media: "We in this bitch." He livestreamed 3 additional videos from inside the building, admonishing others not to be destructive or fight officers and capturing rioters attempting to breach doors near the Speaker's Lobby. The defendant captured himself wearing a hat with the letters "FAFO"—an abbreviation of a slogan, "F*** Around and Find Out," popular among the Proud Boys, a far-right group. |

| Mazzocco, Matthew | 1:21-CR-00054 | 40 U.S.C. § 5104(e)(2)(G) | 3 months home detention, 36 months probation, 60 hours community service, $500 probation | 45 days incarceration, 60 months community service[5] | The defendant entered the Capitol equipped with a body-worn camera. Outside the building, the defendant took a selfie-style photograph in front of a large crowd assembled at one set of doors and forcing its way inside. The defendant entered the Spouse's Lounge. The defendant appears to have warned others not to take or destroy anything and stated that they were probably going to get in trouble for what they were doing. After exiting, the defendant posted a photograph to social media with the caption "The capital is ours!" The defendant indicated that he did not know where his body-worn camera was, and it was not recovered. After January 6, the defendant exchanged text messages with friends and family in which he claimed that the events of January 6 were not a riot, that he was simply protesting a fraudulent (in his mind) election, and that "antifa" was to blame for the violence. |
| --- | --- | --- | --- | --- | --- |
| Rosa, Eliel | 1:21-CR-00068 | 40 U.S.C. § 5104(e)(2)(G) | 1 month home detention, 36 months probation, 60 hours community service, $500 restitution | 12 months probation, $500 restitution | On the morning of January 6, 2021, the defendant posted, "And we fight!!!" He entered the Capitol for 20 minutes. The defendant voluntarily contacted the FBI on January 9 to admit that he was one of the individuals who entered the Capitol. |

---

[5] The government believes the Court's 10/4/2021 minute entry in this case is incorrect and the sentence requires 60 *hours* of community service, not 60 *months*.

7

| Gallagher, Thomas | 1:21-CR-00041 | 40 U.S.C. § 5104(e)(2)(G) | 1 month home detention, 36 months probation, 60 hours community service, a fine, and $500 restitution | 24 months probation, $500 restitution | When the defendant entered the Capitol, U.S. Capitol Police officers had already been under attack by rioters outside the building and fell back to a makeshift recovery area they had established in the Capitol Crypt. Before long, rioters also breached that recovery area, and began throwing objects and unknown liquid substances at the officers. The officers retreated down a stairwell to the Capitol Visitor Center ("CVC"), which is also part of the Capitol. Within seconds of chairs plummeting down the stairwell and one escalator, video surveillance captured the defendant walking down the stairwell to the CVC. The defendant and others proceeded to a corridor at the end of which U.S. Capitol Police officers had formed a defensive line. At one point, the defendant threw up his arms while looking in the direction of the officers' line. At another point, he reached out to another rioter who had picked up a chair, in a manner consistent with admonishing that person not to destroy property. The defendant was arrested approximately nine minutes after entering the CVC. |
| --- | --- | --- | --- | --- | --- |
| Vinson, Thomas | 1:21-CR-00355 | 40 U.S.C. § 5104(e)(2)(G) | 3 months home detention, 3 years probation, 60 hours community service, $500 restitution | Pending sentencing | On December 24, 2021, the defendant posted on social media: "Room is booked for DC . . . I'm a Veteran who[se] Oath will NEVER expire, Stand Strong, and Stand Now! If you don't you May never have the chance again! Merry |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Christmas and plan Well! It Will be Wild! My President Proclaimed It So!" The defendant entered the Capitol with a co-defendant for approximately 30 minutes, observing property destruction in the vicinity of the Senate Wing door and rioters overwhelming law enforcement in the Crypt. |
| Dillon, Brittiany | 1:21-CR-00360 | 40 U.S.C. § 5104(e)(2)(D) | 3 months home detention, 36 months probation, 60 hours community service, $500 restitution | Pending sentencing | Before January 6, the defendant exchanged text messages with another individual in which they discussed false information about the 2020 presidential election. Among other things, she claimed: "We may lose all communications. An all out civil war may start. It will be fast because our side is more prepared." The defendant attempted to enter the Capitol through Senate carriage doors but was pushed out shortly after crossing the threshold into the building. After being removed by law enforcement, the defendant reported to another rioter: "I was there. I got pepper sprayed at the door of the Capital and tear gassed 3 times making my way up to it" and "I fought hard…I fell in the door and they tried to beat me with batons so I backed off and they pepper sprayed my eyes." |

9

Table 3: Cases in which the government recommended a sentence of incarceration of less than three months

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed | Summary of Offense Conduct |
|---|---|---|---|---|---|
| Hemenway, Edward | 1:21-CR-00049 | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration, $500 restitution | 45 days incarceration, 60 hours community service, $500 restitution | The defendant entered the Capitol with his co-defendant for approximately 17 minutes. As they arrived at the Capitol, the defendant heard a loud bang and saw "a green plastic [sign]" that said, "Do Not Enter." Once outside, the defendant took a photograph standing on a military-style government vehicle with his arms raised in triumph. After taking photographs, the defendant said that he saw a rioter trying to break a window and he yelled at the rioter to stop. |
| Bauer, Robert | 1:21-CR-00049 | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration, $500 restitution | 45 days incarceration, 60 hours community service, $500 restitution | The defendant entered the Capitol with his co-defendant for approximately 17 minutes. The defendant took several photographs in the Crypt, including a selfie-style photograph. The defendant admitted that as he walked up to the Capitol building from Pennsylvania Avenue, he saw bicycle racks turned upside down and "there were people hanging off the scaffolding already." The defendant told the FBI, "I don't feel like I done nothing terribly wrong," but acknowledged, "I don't agree with some things that went on." He said, "If I had been in a cop uniform on that day I would have been scared for my life." |

10

| Vinson, Lori | 1:21-CR-00355 | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration, $500 restitution | Pending sentencing | The defendant entered the Capitol with a co-defendant for approximately 30 minutes, observing property destruction in the vicinity of the Senate Wing door and rioters overwhelming law enforcement in the Crypt. After exiting, the defendant posted on social media: "I was probably one of the first 100 in there and I would say at the most there were several thousand in there." She also told multiple people in direct messages that she would "do it again." The defendant gave television interviews to multiple news outlets across two states in which she defended her involvement in the January 6 attack. In one interview, she stated, "I felt like what I had done was justified, and so I just said I would do this all over again tomorrow, I'm sorry that you don't see my worth." |
| Torrens, Eric | 1:21-CR-00204 | 40 U.S.C. § 5104(e)(2)(G) | 2 weeks incarceration, $500 restitution | Pending sentencing | The defendant entered the restricted Capitol grounds with his co-defendant and spent time in the crowd nearby the inauguration stage on the west side of the U.S. Capitol building. He saw members of the crowd repeatedly attacking law enforcement officers who were trying to protect the Capitol. He made their way to the stairs underneath the northwest scaffolding from which the line of officers holding back the rioters at the west front could be seen with tear gas audibly exploding and billowing out. The defendant posed for pictures on the NW |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | terrace then entered through a broken door by two broken out windows on the Senate side of the building. The defendant and his co-defendants made their way to the Crypt. After approximately ten minutes inside the Capitol, the defendant eventually moved back toward the same door he entered and ultimately exited the building. After his arrest, he voluntarily spoke to FBI agents and admitted to his conduct. Since defendant's arrest, he has been compliant with his release conditions. |
| Gruppo, Leonard | 1:21-CR-00391 | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration, $500 restitution | Pending sentencing | The defendant entered the Capitol with a co-defendant. The defendant climbed a retaining wall at the bottom of the northern staircase to approach the Capitol. The defendant ignored law enforcement instructions concerning how to leave the building. The defendant admitted that once he saw the negative press coverage of the January 6 attack, he deleted all evidence from his phone, including photographs and videos he had taken inside the building. |
| Camper, Boyd | 1:21-CR-00325 | 40 U.S.C. § 5104(e)(2)(G) | 2 months incarceration, $500 restitution | Pending sentencing | The defendant entered the U.S. Capitol despite seeing violence between rioters and officers – the defendant made his son stay outside the building with a friend because it wasn't safe. The defendant concealed video and audio evidence collected by his Go-Pro |

12

| | | | | | camera he brought inside the Capitol. The defendant participated in a video interview with CBS News while still on or near Capitol grounds. In the interview, the defendant acknowledged that he was inside the Capitol, stating, "I was on the front line." He further stated, "We're going to take this damn place. If you haven't heard it's called the insurrection act and we the people are ready." |

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:     /s/ *Mitra Jafary-Hariri*
MITRA JAFARY-HARIRI
Assistant United States Attorney
Detailee
MI Bar No. P74460
211 W. Fort Street, Suite 2001
Detroit, MI 48226
mitra.jafary-hariri@usdoj.gov
(313) 226-9632

 /s/ *Jamie Carter*
Jamie Carter
Assistant United States Attorney
Bar No. 1027970
555 Fourth Street, N.W.
Washington, DC 20530
Jamie.Carter@usdoj.gov
(202) 252-6741