UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-00204-004 (BAH) |
| v. : | |
| : | |
| JACK JESSE GRIFFITH, : | |
| AKA "Juan Bibiano" : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S REPLY TO RESPONSE FILED BY ERIC CHASE TORRENS

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this reply brief to the response filed by Eric Chase Torrens (ECF 110) as directed by the Court's text order on October 22, 2021. As explained in the government's supplemental memorandum (ECF 109), 18 U.S.C. § 3561 permits a sentencing court to impose a sentence that includes both a term of continuous incarceration and probation when, as here, the defendant has been convicted of a petty offense. By contrast, if a sentencing court imposes incarceration as a condition of probation—whether the underlying conviction is for a petty offense or otherwise—that incarceration must be intermittent.

I.  **Section 3561(a)(3) Permits a Sentence of Continuous Incarceration and Probation for a Petty Offense.**

The statutory text of 18 U.S.C. § 3561(a)(3) permits a defendant to be sentenced to a term of probation "unless" that defendant "is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Thus, where a defendant *is* sentenced for a petty offense, that defendant may be sentenced to a period of continuous incarceration and a term of probation. *United States v. Posley*, 351 F. App'x 801, 809 (4th Cir. 2009). The sole court of appeals to have considered this question, *Posley*, reached that straightforward conclusion. *Id.*; *see* Cyclopedia of Federal Procedure, § 50:203, *Capacity of court*

*to impose probationary sentence on defendant in conjunction with other sentence that imposes term of imprisonment* (3d ed. 2021) ("[W]here the defendant is being sentenced for a petty offense, a trial court may properly sentence such individual to a term of continuous imprisonment for a period of time, as well as a sentence of probation.") (citing *Posley*).

None of the counterarguments that Torrens advances undermines that conclusion. First, Torrens contends (ECF 110 at 2-3) that 18 U.S.C. § 3551(b) requires a sentencing court to impose either probation or imprisonment, but not both. *See* 18 U.S.C. § 3551(b) (indicating that a defendant "shall be sentenced" to a probationary term "or" or a term of imprisonment). To be sure, Section 3551(b) sets out the same "general rule" found in Section 3561(a)(3): that "imposition of both probation and straight imprisonment" in the same sentencing hearing is not generally permitted. *See* Gov't Supp. Sent. Memo, at 1 (citing *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999)). But Section 3551(a) notes that the sentencing provisions described there apply "[e]xcept as otherwise specifically provided." And, as noted in the government's prior filing, Section 3561(a)(3) does "provide[]" "otherwise"; it recognizes a carveout for petty offenses. *See id.*

None of the cases on which Torrens relies (*see* ECF 110 at 3-4) support a contrary interpretation. Both *United States v. Mize*, No. 97-40059, 1998 WL 160862, at *1 (D. Kan. Mar. 18, 1998), and *United States v. Baca*, No. 11-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18, 2011), address a separate question, namely, how long a period of incarceration is permitted by statute when a sentencing court opts to impose incarceration as condition of probation under 18 U.S.C. § 3653(b)(10).[1] In *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004), the First Circuit

---

[1] As directed by the Court's text order on October 22, 2021, the government addresses that question in Part II, *infra*.

simply announced and applied the "general rule"—either probation or imprisonment, but not both—in a case that did not involve a petty offense. *See id.* at 31 (explaining that defendant pleaded guilty to nine counts of receipt of stolen money in violation of 18 U.S.C. § 2315 and two counts of tax evasion in violation of 26 U.S.C. § 7206(1)); *see also Forbes*, 172 F.3d at 675-76 (stating and applying "general rule" in case where defendant pleaded guilty to bankruptcy fraud in violation of 18 U.S.C. § 157); *United States v. Andrade-Castillo*, 585 F. App'x 346, 347 (9th Cir. 2014) (same for conviction for illegal re-entry after removal in violation of 8 U.S.C. § 1326). In *United States v. Medenbach*, 729 F.App'x 606 (9th Cir. 2018), the Ninth Circuit affirmed the sentence—six months in custody and five years in probation—where the district court limited the custodial sentence to time-served sentence that reflected the defendant's pretrial detention.[2] *Id.* at 606. In dicta, the Ninth Circuit stated it would be error to impose a "continuously served custodial sentence" "*as a condition of probation.*" *Id.* at 607 (emphasis added) (citing *Forbes*, 172 F.3d at 676).

Nor does the decision in *United States v. Anderson*, 787 F. Supp. 537 (D. Md. 1992), counsel a different result. There, the defendant was convicted of a petty offense and received a split sentence of 60 days incarceration and three years of probation. *Id.* at 538. The district court vacated that sentence given the "flat statutory prohibition" in Section 3561(a)(3) on pairing "straight imprisonment" and probation. *Id.* at 539. At the time that *Anderson* was decided,

---

[2] The defendant in *Medenbach* was convicted for two counts of unlawful camping on a federal land, in violation of 43 U.S.C. § 1733. *See United States v. Medenbach*, No. 15-407, Judgment, ECF 72 (D. Ore. Aug. 9, 2016). Section 1733(a) carries a maximum term of no more than 12 months in prison. Torrens therefore is mistaken when he refers to the offenses at issue in that case as a "petty misdemeanor[s]." ECF 110 at 4. The offenses were Class A misdemeanors, *see* 18 U.S.C. § 3559(a)(6), and therefore not petty offenses, *see* 18 U.S.C. § 19.

however, Section 3561(a)(3) did not yet include the petty-offense carveout language.  *See* ECF 110 at 7 (noting that petty-offense carveout language was added in 1994).

Turning to the language of Section 3561(a)(3), Torrens posits (ECF 110 at 6), without citation, that the phrase "'that is not a petty offense' modifies only a 'different offense.'"  But that is not the most natural reading.  The phrase "that is not a petty offense" is a postpositive modifier best read to apply to the entire preceding construction "for the same or a different offense."  *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148 (2012).  Had Congress sought to apply the phrase "not a petty offense" solely to "different offense," the "typical way in which syntax would suggest no carryover modification" would be some language that "cut[s] off the modifying phrase so its backward reach is limited."  *Id.* at 148-49.  For example, a statute that read that a defendant is not eligible for probation if sentenced simultaneously to a term of imprisonment "for the same *offense* or *for* a different offense that is not a petty offense" would suggest application of the last-antecedent canon, *see id.* at 144, and the reading that Torrens suggests.

The legislative history to which Torrens refers (ECF 110 at 7) does not aid his argument.  When Congress first enacted Section 3561, Congress sought to abolish the practice of splitting a sentence between imprisonment and probation because "the same result" could be accomplished through a "more direct and logically consistent route," namely the use of supervised release as set out in 18 U.S.C. §§ 3581 and 3583.  *See* S. Rep. 98-225, at 89 (1983); *accord* United States Sentencing Guidelines § 5B1.1, Background.  But supervised release is not available for a petty offense.  *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished).  Thus, when, in 1994, Congress amended the language in Section 3561(a), it again provided a sentencing court with "latitude" to ensure

4

some degree of supervision—through probation—following an incarceration sentence.  *See* S. Rep. 98-225, at 89.

Torrens argues (ECF 110 at 7) that unenacted language supports his reading of the statute. In 1991, Congress considered adding the following sentence to the end of Section 3561(a)(3): "However, this paragraph does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense."  H.R. Rep. 102-405, at 167 (1991).  The Supreme Court has regularly rejected arguments based on unenacted legislation given the difficulty of determining whether a prior bill prompted objections because it went too far or not far enough.  *See Mead Corp. v. Tilley*, 490 U.S. 714, 723 (1989) ("We do not attach decisive significance to the unexplained disappearance of one word from an unenacted bill because 'mute intermediate legislative maneuvers' are not reliable indicators of congressional intent.") (citation omitted).  The same is true here.  Had Congress intended to adopt the language and interpretation that Torrens advocates, "presumably it would have done so expressly" in the draft language that it ultimately did not enact. *See Russello v. United States,* 464 U.S. 16, 23 (1983).

Finally, the straightforward reading articulated here and adopted by the Fourth Circuit in *Posley* would not result in absurdities.  Arguing otherwise, Torrens (ECF 110 at 8) constructs a false equivalency by comparing the statutory maximum sentence for a petty misdemeanant (six months of imprisonment, five years of probation) to a non-statutory maximum sentence for a Class A misdemeanant (six months of imprisonment, one year of supervised release).  But if one compared a petty misdemeanor statutory maximum to a Class A misdemeanor statutory maximum (one year of imprisonment, one year of supervised release), there's no absurdity.

Congress could well have concluded that a longer potential term of incarceration for a Class A misdemeanor offense warranted a shorter term of supervision.

By contrast, the position Torrens presses suffers its own absurdities. Under his reading, a defendant convicted of a single petty offense could not receive a sentence of probation and continuous incarceration because they are "alternate, mutual exclusive sentencing options" under 18 U.S.C. § 3551 and legal precedent, ECF 110 at 2-4, but if a defendant is convicted of two petty offenses, he concedes that such a split sentence is permissible, *see id.* at 6. And under his interpretation, every offense other than a petty offense could include some period of incarceration and some period of supervision (whether that supervision is supervised release or probation). No sensible penal policy supports that interpretation.[3]

## II. Incarceration Imposed as a Condition of Probation Must Be Intermittent.

As noted in the government's prior filing (*see* ECF 109 at 2 n.2), a sentencing court in a non-petty offense case may combine incarceration and probation only where incarceration is made a condition of probation and imposed through "intermittent confinement." *Anderson*, 787 F. Supp. at 539; *see* 18 U.S.C. § 3563(b)(10) (permitting sentencing court to require the defendant as a condition of probation to "remain in custody of the Bureau of Prisons during nights, weekends, or

---

[3] In its text order from October 22, 2021, the Court also asked the government to address whether a probationary sentence may be imposed to "authorize the Probation Officer to supervise the payment of restitution and any special conditions of probation, including community service." A term of probation would indeed permit the Probation Office to supervise the defendant's payment of restitution, *see* 18 U.S.C. § 3653(a)(6), (a)(7), & (b)(2), and performance of community service, 18 U.S.C. § 3653(b)(12). The Court may also order restitution without sentencing the defendant to probation. *See* 18 U.S.C. § 3664(a) (giving sentencing court "discretion in fashioning a restitution order"); 18 U.S.C. § 3664(k) (permitting sentencing court to alter restitution order "as the interests of justice require"). In at least one case, a judge of this Court ordered the defendant to complete community service and provide verification of that community service without placing the defendant on probation. *See United States v. Mazzocco*, 21-cr-54-TSC, Sentencing Tran. at 33-35 (D.D.C. Oct. 4, 2021).

other intervals of time"). Nothing in the statutory language or case law would preclude the same approach for petty offense cases. *See, e.g.*, *Baca*, 2011 WL 1045104, at *2 (concluding that duration of imprisonment under Section 3653(b)(10) was too long, but not otherwise questioning whether a defendant convicted of a petty offense could be sentenced to a term of probation that included as a condition intermittent confinement). In other words, a sentencing court could also sentence a defendant to a probationary sentence, while requiring that that defendant spend "nights, weekends, or other intervals of time" at the Bureau of Prisons. 18 U.S.C. § 3653(b)(10). If a sentencing court opts to require a defendant to serve "intermittent" confinement as a condition of probation under 18 U.S.C. § 3653(b)(10), any single period of confinement should not exceed two weeks. *See Mize*, 1998 WL 160862, at *2 (30 days is "too similar to the 'split sentence' approach, and too long to qualify as an "interval of time" under Section 3563(b)(10)); *id.* (quoting legislative history observing that Section 3653(b)(10) could justify "a brief period of confinement, e.g., for a week or two, during a work or school vacation") (citation omitted); *Baca*, 2011 WL 1045104, at *2 (two 45-day terms of confinement too long to qualify as "intervals of time" under Section 3563(b)(10)).

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY

        By:   /s/ *Mitra Jafary-Hariri*
        MITRA JAFARY-HARIRI
        Assistant United States Attorney
        Detailee
        MI Bar No. P74460
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        mitra.jafary-hariri@usdoj.gov
        (313) 226-9632

/s/ *Jamie Carter*
Jamie Carter
Assistant United States Attorney
Bar No. 1027970
555 Fourth Street, N.W.
Washington, DC 20530
Jamie.Carter@usdoj.gov
(202) 252-6741